# REPORTS OF CASES ADJUDGED

IN THE

# SUPREME COURT OF PORTO RICO

---

FAJARDO SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF
HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing
to Record an Agricultural Contract.

No. 340.—Decided December 4, 1917.

CANE-MILLING CONTRACT—PRIVATE CONTRACT—LEASE.—A private cane-milling con-
tract executed before a notary having been presented in the registry for rec-
ord accompanied by a private instrument of lease also executed before a
notary, it should not be denied admission to record on the ground that the
contract of lease is not a public instrument within the meaning of article 2
of the Mortgage Law, for when it is borne in mind that the object of the
Act of 1910 is to encourage the development of local credit and facilitate
the making of agricultural contracts in favor of landholders having no re-
cordable titles, it would be absurd to hold that the right of a lessee to exe-
cute a contract, itself recordable if embodied in a private writing subscribed
before a notary, must be evidenced by a public document, for this would in
a large measure defeat the plain legislative purpose.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On June 25, 1917, by virtue of a private instrument sub-
scribed before a notary, Felipe Díaz leased certain real es-
tate to José Montes for a term of three years.

On June 27, 1917, Montes, as such lessee, and the Fa-
jardo Sugar Company executed a cane-grinding contract, to
expire at the end of the grinding season of 1920, record of
which was refused for want of any showing as to the alleged

1

leasehold beyond the bare recital contained in the instrument offered for record.

On August 13, 1917, the grinding contract was again presented, together with the private document first above mentioned and a request in writing for conversion into a permanent record of the statutory 120-day entry made at the time of the first submission.

The second endorsement of the registrar of property reads as follows:

"The conversion requested is denied, because the document presented for the purpose of curing the defect pointed out in the preceding endorsement is not a public instrument within the meaning of section 3 of the Mortgage Law and the decisions of the Supreme Court of Porto Rico—*Delgado* v. *Registrar of Caguas; Hernández* v. *Rosado,* and *Pietri* v. *The Registrar,* 22 P. R. R., 117, 360, 678— and therefore it is not an instrument that a registrar may consider under section 18 of the said Mortgage Law."

Article 2 of the Mortgage Law enumerates among other matters eligible to record in the registry of property:

"Contracts for the lease of real property for a term exceeding six years, or contracts under which rental for three or more years has been paid in advance, or contracts which do not have either of these conditions but contain a specific agreement between the parties that they be recorded."

Article 3, cited by the registrar, provides that—

"In order to permit of the record of the instruments mentioned in the foregoing article, they must be embodied in a public instrument, * * *."

The agreement of lease herein is neither included in the class mentioned in article 2, nor is it tendered for record. The provisions of the Mortgage Law, by express statutory provision, are applicable to matters of this kind only in so far as not in conflict with the act of 1910 entitled "An Act to provide for contracts of advances for agricultural purposes and grinding of cane, and for other purposes," as amended in 1911. That act specifically recognizes contracts

executed in the form of a private document subscribed before a notary where "the placing, modification or extinction of a realty right" is not involved. All rights arising under such contracts may be transferred by "a mere endorsement subscribed before a notary public."   .

The object of the law, we have heretofore held—

"Was to encourage the development of local credit and facilitate the making of such contracts in favor of landholders having no recordable titles.". *Porto Rican Leaf Tobacco Co.* v. *Registrar of Guayama*, 24 P. R. R. 831.

To hold that the right of a lessee to execute a contract, itself eligible to record if embodied in a private writing subscribed before a notary, must be evidenced by a public document, if not a palpable absurdity, would, in a large measure, defeat the plain legislative purpose above indicated.

The cases cited by the registrar are not in point and the ruling complained of must be

*Reversed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.